

FILED

06 NOV -8 PM 1:23

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY                    DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

MARCUS BOVARIE,
CDC #J-39046,

                                    Plaintiff,

vs.

JEANNE WOODFORD et al.,

                                    Defendants.

Civil No.    06-0687 BEN (NLS)

**ORDER:**

**(1)  DENYING PLAINTIFF'S
MOTION FOR APPOINTMENT OF
PARALEGAL [Doc. Nos. 12, 13, 14];**

**(2)  GRANTING MOTION TO
PROCEED IN FORMA PAUPERIS
[Doc. No. 4];**

**(3) GRANTING MOTION FOR
LEAVE TO FILE SECOND
AMENDED COMPLAINT [Doc. No.
10]**

## I.      Procedural History

Plaintiff, an inmate currently incarcerated at Centinela State Prison in Imperial, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 on March 28, 2006 [Doc. No. 1].  On June 28, 2006, this Court denied Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") for failing to submit a certified copy of his inmate trust account statement.  *See* June 28, 2006 Order at 3.

Dockets.Justia.com

1    Plaintiff later filed a First Amended Complaint adding two new Defendants [Doc. No.

2    7]. Plaintiff is now seeking leave to file a Second Amended Complaint to add two more

3    Defendants [Doc. No. 10]. Plaintiff also moves for Appointment of Paralegal and to Proceed

4    IFP [Doc. Nos. 12, 13, 14].

5    **II.    Motion for Appointment of Paralegal** [Doc. Nos. 12, 13, 14]

6    Plaintiff requests the appointment of a paralegal to assist him in prosecuting this civil

7    action. The Constitution provides no right to appointment of counsel in a civil case,

8    however, unless an indigent litigant may lose his physical liberty if he loses the litigation.

9    *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. §

10    1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons.

11    This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*,

12    935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an

13    evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to

14    articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of

15    these issues is dispositive and both must be viewed together before reaching a decision." *Id.*

16    (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

17    Here, it appears that Plaintiff is able to adequately articulate the factual basis of his

18    First Amended Complaint. *Id.* Under these circumstances, the Court denies Plaintiff's

19    request without prejudice, as neither the interests of justice nor exceptional circumstances

20    warrant appointment of paralegal at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir.

21    1987); *Terrell*, 935 F.2d at 1017.

22    **III.    Motion to Proceed *In Forma Pauperis*** [Doc. No. 4]

23    Effective April 9, 2006, all parties instituting any civil action, suit or proceeding in a

24    district court of the United States, except an application for writ of habeas corpus, must pay a

25    filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's

26    failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to

27    28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

28    However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in

1  installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. §

2  1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

3      Section 1915, as amended by the Prison Litigation Reform Act ("PLRA"), further

4  requires that each prisoner seeking leave to proceed IFP submit a "certified copy of [his] trust

5  fund account statement (or institutional equivalent) ... for the six-month period immediately

6  preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). Using these certified trust

7  account statements, the Court must assess an initial payment of 20% of (a) the average

8  monthly deposit, or (b) the average monthly balance in the account for the past six months,

9  whichever is greater, and collect that amount as the prisoner's initial partial filing fee, unless

10  he has no current assets with which to pay. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C.

11  § 1915(b)(4); *Taylor*, 281 F.3d at 850. Thereafter, the institution having custody of the

12  prisoner must collect subsequent payments, assessed at 20% of the preceding month's

13  income, in any month in which his account exceeds $10, and forward those payments to the

14  Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Taylor*, 281 F.3d at 847.

15      The Court finds that Plaintiff has submitted an affidavit that complies with 28 U.S.C.

16  § 1915(a)(1) [Doc. No. 4] as well as a certified copy of his prison trust account statement

17  pursuant to 28 U.S.C. § 1915a)(2) and Civil Local Rule 3.2. Plaintiff's trust account

18  statement shows a negative balance in his account.

19      Accordingly, the Court hereby **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No.

20  4], and assesses no initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(1) (court

21  shall assess initial partial filing fee only "when funds exist"); 28 U.S.C. § 1915(b)(4) ("In no

22  event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the

23  prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*,

24  281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing

25  dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of

26  funds available to him when payment is ordered."). However, Plaintiff is required to pay the

27  full $350 filing fee mandated by 28 U.S.C. §§ 1914(a) and 1915(b)(1), by subjecting any

28

1   future funds credited to his prison trust account to the installment payment provisions set

2   forth in 28 U.S.C. § 1915(b)(2).

3   **IV.    Motion to Add Defendants [Doc. No. 10]**

4          Under Rule 15(a), a party may amend his pleading "once as a matter of course at any

5   time before a responsive pleading is served." FED. R. CIV. P. 15(a).  Otherwise, a  party may

6   amend "only by leave of the court or by written consent of the adverse party."  *Id.*  Leave to

7   amend under FED. R. CIV. P. 15(a) "shall be freely given when justice so requires," therefore

8   the decision to grant leave to amend is one that rests in the sound discretion of the trial court.

9   *International Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386,

10  1390 (9th Cir. 1985).  This discretion must be guided by the strong federal policy favoring

11  the disposition of cases on the merits and permitting amendments with "extreme liberality."

12  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

13         Courts generally consider four factors in determining the propriety of a motion for

14  leave to amend:  bad faith, undue delay, prejudice to the opposing party, and futility of

15  amendment.  *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991).  These factors are

16  not equally weighted; the possibility of delay alone, for instance, cannot justify denial of

17  leave to amend.  *DCD Programs*, 833 F.2d at 186.  The single most important factor is

18  whether prejudice would result to the nonmovant as a consequence of the amendment.

19  *William Inglis & Sons Baking Co. v. ITT Continental Baking Co.*, 668 F.2d 1014, 1053 (9th

20  Cir. 1981).

21         The Court finds no evidence that Plaintiff seeks leave to file a Second Amended

22  Complaint to add two additional parties in bad faith or for purposes of undue delay.  The

23  Court further finds no prejudice to Defendants and that Plaintiff's amendment does not

24  appear futile.  In addition, this Court notes that the Supreme Court has directed federal courts

25  to liberally construe the inartful pleadings of pro se litigants and that the rule of liberal

26  construction is "especially important in civil rights cases."  *Ferdik v. Bonzelet*, 963 F.2d

27  1258, 1261 (9th Cir. 1992); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing

28  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).)

1        Accordingly, the Court **GRANTS** Plaintiff's motion to add two additional parties

2 [Doc. No. 10] and will grant him thirty (30) days leave to file a Second Amended Complaint.

3 **V.     Conclusion and Order**

4        Good cause appearing, **IT IS HEREBY ORDERED** that:

5        1.      Plaintiff's Motions for Appointment of Paralegal [Doc. Nos. 12, 13, 14] are

6 **DENIED** without prejudice;

7        2.      Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 4]

8 is **GRANTED**.

9        3.      The Secretary of California Department of Corrections and Rehabilitation, or

10 his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing

11 fee owed in this case by collecting monthly payments from the account in an amount equal to

12 twenty percent (20%) of the preceding month's income and forward payments to the Clerk of

13 the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C.

14 § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME

15 AND NUMBER ASSIGNED TO THIS ACTION.

16        4.      The Clerk of the Court is directed to serve a copy of this Order on James

17 Tilton, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street,

18 Suite 502, Sacramento, California 95814.

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

**IT IS FURTHER ORDERED** that:

5.    Plaintiff's Motion for Leave to file a Second Amended Complaint [Doc. No. 10] is **GRANTED** pursuant to FED. R. CIV. P. 15(a)[1].  Plaintiff must file his Second Amended Complaint with the Court thirty (30) days from the date this Order is filed. The Clerk of the Court is directed to mail a copy of the First Amended Complaint [Doc. No. 7] to Plaintiff.

**IT IS SO ORDERED.**

DATED:  _11/08/06_                          _____

ROGER T. BENITEZ
United States District Judge

cc: All parties and respective counsel

---

[1]  Plaintiff is cautioned that Plaintiff's Amended Complaint must be complete in itself without reference to the original Compalint. *See* S. D. CAL. CIVLR. 15.1.  Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).