FILED

07 JAN -9 PM 3:24

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS BOVARIE,<br>CDC #J-39046,<br><br>                Plaintiff,<br><br>vs.<br><br>JAMES TILTON, et al.,<br><br>                Defendant. | Civil No.   06-0687 BEN (NLS)<br><br>**ORDER DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND SECOND AMENDED COMPLAINT [Doc. No. 16] PURSUANT TO FED.R.CIV.P. 4(c)(2) AND 28 U.S.C. § 1915(d)** |

        On March 28, 2006, Plaintiff, Marcus Bovarie, a state prisoner currently incarcerated at Centinela State Prison in Imperial, California, and proceeding pro se, submitted a civil rights Complaint pursuant to 42 U.S.C. § 1983.[1]   However, because Plaintiff failed to submit a certified copy of his inmate trust account statement, the Court denied Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No 3]. On July 12, 2006, Plaintiff resubmitted his Motion to Proceed *IFP* [Doc. No. 4], and later submitted a First Amended Complaint [Doc. No. 7].

        Before the Court ruled on Plaintiff's Motion to Proceed *IFP*, Plaintiff also submitted a request to file a Second Amended Complaint [Doc. No. 12]. On November 9, 2006, this Court granted Plaintiff's Motion to Proceed *IFP* and granted Plaintiff leave to file a Second Amended

---

[1] The proceedings were assigned to this Court, but all post-service matters have been referred to Magistrate Judge Nita L. Stormes by Local Rule 72.3(e), "Assignment of § 1983 Prisoner Civil Cases to United States Magistrate Judges," pursuant to 28 U.S.C. § 636.

Complaint. *See* Nov. 9, 2006 Order at 5-6. Plaintiff filed his Second Amended Complaint ("SAC") on December 7, 2006 [Doc. No. 16].

## II. Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A

The Prison Litigation Reform Act obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A). "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

Here, the Court finds that Plaintiff's Second Amended Complaint survives the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and that Plaintiff is therefore automatically entitled to U.S. Marshal service on his behalf. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(2) (providing that "service be effected by a United States marshal, deputy Untied States marshal, or other officer specially appointed by the court … when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.").

## III. Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. The Clerk shall issue the summons, provide Plaintiff with a certified copy of both this Order and his Second Amended Complaint, and forward them to Plaintiff along with a blank

U.S. Marshal Form 285 for each Defendant named in his Second Amended Complaint. Plaintiff shall complete the Form 285s and forward them to the United States Marshal. The U.S. Marshal serve a copy of the Second Amended Complaint and summons upon Defendant as directed by Plaintiff on each U.S. Marshal Form 285. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(2).

2. Defendants are thereafter **ORDERED** to reply to the Second Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

3. Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED.**

DATED: 01/08/07

HON. ROGER T. BENITEZ
United States District Judge