# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS BOVARIE,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>JAMES E. TILTON, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 06CV687 JLS (NLS)<br><br>**ORDER (1) ADOPTING IN PART and REJECTING IN PART DEFENDANTS' OBJECTIONS, (2) REJECTING PLAINTIFF'S OBJECTIONS, (3) ADOPTING IN PART and REJECTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (4) DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT, and (5) GRANTING IN PART and DENYING IN PART DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>(Doc. Nos. 40, 46) |

　　　　Presently before the Court are the objections of James E. Tilton, et al. ("Defendants") and of Marcus Bovarie ("Plaintiff") to Magistrate Judge Nita L. Stormes's Report and Recommendation ("R&R"). Magistrate Judge Stormes recommended that the Court, inter alia, (1) grant in part and deny in part Defendants' motion to dismiss Plaintiff's second amended complaint ("SAC") and (2) deny Plaintiff's request for entry of default. For the reasons outlined below, this Court **REJECTS** the recommendation to deny the motion to dismiss as to Defendants J. Gonzalez and Z. Steinhaus. Otherwise, the Court **ADOPTS** the remaining recommendations, finding those portions of the R&R to be well reasoned. Therefore, this Court **GRANTS** in part and **DENIES** in

part Defendants' motion to dismiss and **DENIES** Plaintiff's request for entry of default.

**Background**

Plaintiff is an inmate of the California Department of Corrections ("CDC") and is currently housed at Centinela State Prison ("Centinela"). Plaintiff alleges that CDC and Centinela authorities denied him access to the courts by "making, enforcing, and allowing the[] policies and procedures" which limit access to the prison's law library. [SAC, at 14.] These policies include keeping the 15-person-capacity library open twice daily, for two-hour sessions at a time, to meet the needs of 2,400 inmates. [Id. at 10.] Additionally, prison officials often place Centinela on security "lock down" or "modified program" status, when library access is limited to prisoners with an "approved court deadline" (i.e., a litigation deadline issued by a court and approved by the law library). [Id.] Plaintiff alleges that Centinela sometimes disregards approved deadlines and denies access to the library altogether. [Id. at 12.] Plaintiff states that his access was limited to nine 2-hour sessions for all of 2005. [Id. at 14.] Plaintiff details other periods when he was completely denied access to the library, including: (1) five months ending 11/13/04; (2) three months between 4/16/05 and 7/9/05; (3) three months between 7/9/05 and 10/13/05; and (4) two months between 10/20/05 and 12/15/05. [Id. at 14-15.] Plaintiff filed several administrative grievances related to these practices, but prison authorities denied the grievances, finding that the prison's policy was satisfied. [Id.]

On February 3, 2004 Plaintiff filed a habeas petition, which the California Supreme Court denied on December 1, 2004.[1] [Id. Ex. B.] Plaintiff alleges that he could not subsequently file a federal habeas petition within the one-year statute of limitations of the Anti-terrorism and Effective Death Penalty Act ("AEDPA") because restrictive library policies prevented him from adequately researching his claim. [Id. at 11 & Ex. C, at 40-41.] Instead, Plaintiff filed a separate 42 U.S.C. § 1983 civil rights complaint in federal district court. (See case no. 04cv2385 JM (WMC).) The Hon. Jeffrey T. Miller dismissed the complaint without prejudice for failure to state a claim. [Doc. No. 5,

---

[1] Plaintiff's first specific reference to these habeas proceedings is SAC Exhibit B, the habeas petition that Plaintiff filed before the California Supreme Court. The R&R notes that Plaintiff only vaguely alludes to his filings of habeas petitions in California's lower courts. [R&R at 2-3.] The Magistrate Judge assumed that these filings took place, and this Court assumes the same.

case no. 04cv2385.] Plaintiff filed an amended complaint, which Judge Miller dismissed for failure to exhaust administrative remedies. [Doc. No. 29, case no. 04cv2385.]

In the present action, Plaintiff alleges that the denial of access to the law library violated his Fourteenth Amendment right to access to the courts because he was forced to submit legal work in prior actions that was "flawed, partial, barely researched, and ineffective." [SAC, at 15.] He alleges that his direct appeals, habeas petitions, and civil rights complaint have all been compromised by this denial. [Id.] Specifically, Plaintiff alleges that lack of access to the library caused the dismissal of his prior 42 U.S.C. § 1983 action and his state habeas petition, while also preventing the filing of a federal habeas petition. [Id. at 15-17.] Plaintiff brings the present action for violation of his Fourteenth Amendment rights, pursuant to 42 U.S.C. § 1983.

Plaintiff alleges that Defendants J. Tilton, J. Woodford, R. Hickman, and J. Dovey, current and former Directors of the CDC ("Directors"); Defendants J. Burleson, V. Alamanger, J. Salazar, G. Giurbino, Wardens of Centinela ("Wardens"); Defendants J. Denault, R. Darr and N. Grannis, Lieutenants of Centinela ("Lieutenants"); and Defendants A. Hernandez, J. Cortez, J. Napolitano, and P. Kuzil-Buan as Facility D Captains ("Captains") were each "responsible for operations and policies" of the prison and the law library and were "grossly negligent" in their supervision and duty. [Id. at 2-7.] Plaintiff also alleges that Defendants M. Cullor, R. Pitones, and P. Anchondo ("Library Staff") are "responsible for the law library". [Id. at 7-8.] Finally, Plaintiff alleges that Defendants J. Gonzalez, Associate Warden, and Z. Steinhaus, Supervisor of Vocational Instruction, denied Plaintiff's administrative grievance and thus denied him access to the courts. [Id. at 4, 7.]

**Procedural History**

On March 28, 2006, Plaintiff filed this complaint for denial of access to the courts. [Doc. No. 1.] The action was originally assigned to the Hon. Roger T. Benitez. Judge Benitez dismissed without prejudice for failure to pay the mandatory $350 filing fee. [Doc. No. 3.] On July 20, 2006, Plaintiff filed his first amended complaint. [Doc. No. 7.] On December 7, 2006, he filed the SAC presently at issue, adding two defendants. [Doc. No. 16.]

On April 4, 2007 Defendants filed the instant motion to dismiss the SAC. [Doc. No. 40.] On April 23, 2007, Plaintiff filed his opposition. [Doc. No. 41.] Defendants filed their reply on May 1,

2007. [Doc. No. 44.]

On July 13, 2007, Plaintiff filed a motion for entry of default against all defendants who had not yet filed an answer. [Doc. No. 46.]

On July 30, 2007, Magistrate Judge Stormes issued the R&R. [Doc. No. 47.] The Magistrate Judge recommended that the Court (1) grant Defendants' motion to dismiss the SAC against all Defendants in their official capacities because Plaintiff sought monetary damages, rather than declaratory or injunctive relief; (2) grant in part and deny in part the motion to dismiss Plaintiff's claim for denial of access to the courts against Defendants in their individual capacities; (3) deny Defendants' claim of qualified immunity, without prejudice to renew that defense on a motion for summary judgment or at trial; (4) deny Plaintiff's request for entry of default; and (5) strike Plaintiff's prayer for punitive damages.

Plaintiff and Defendants both filed their respective objections to the R&R on August 20, 2007. [Doc. Nos. 48-49.] Plaintiff replied to Defendants' objections on August 31, 2007. (Doc. No. 50.) Defendants objected to the portion of the R&R recommending that the Court deny in part the motion to dismiss the SAC against Defendants in their individual capacities. Plaintiff objected to the portion of the R&R recommending that the Court deny Plaintiff's request for entry of default. Neither side objected to the Magistrate Judge's recommendations that the Court dismiss the SAC against Defendants in their official capacities, deny Defendants' claim of qualified immunity, or strike Plaintiff's prayer for punitive damages.

This action was reassigned from Judge Benitez to the Hon. Janis L. Sammartino on October 12, 2007.

## Discussion

**A.  Standards of Review**

Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews de novo those portions of the Report to which either side objects, but no others. Thomas v. Arn, 474 U.S. 140, 149 (1985); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).  The Court has no obligation to review the Magistrate's conclusions if neither party objects to those conclusions.  Schmidt v. Johnstone, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003).

1    Defendants object that Plaintiff's SAC failed to state a claim for denial of access to the
2 courts under 42 U.S.C. § 1983, and thus asks this Court to grant the motion to dismiss in its
3 entirety. [Def. Obj. at 2.]  Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test the
4 sufficiency of a plaintiff's complaint.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  When
5 considering the motion, the Court must accept as true plaintiff's allegations of material fact, and
6 construe them in the light most favorable to the plaintiff.  Barron v. Reich, 13 F.3d 1370, 1374 (9th
7 Cir. 1994).

8    Where a plaintiff is proceeding pro se, particularly when pleading a civil rights claim, the
9 Court "has an obligation to construe the pleading liberally and to afford the petitioner the benefit of
10 any doubt." Bretz v. Kelman, 773 F.2d 1026, 1027 (9th Cir. 1985) (citing Jones v. Cmty. Dev.
11 Agency, 733 F.2d 646, 649 (9th Cir. 1984)).  However, the Court "may not supply essential
12 elements of the claim that were not initially pled."  Ivey v. Bd. of Regents of the Univ. of Alaska,
13 673 F.2d 266, 268 (9th Cir. 1982).

14    To state a claim under 42 U.S.C. § 1983, a plaintiff must (1) allege the violation of a right
15 secured by the Constitution and laws of the United States, and (2) show that the alleged deprivation
16 was committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

17
**B.    Defendants object that Plaintiff has failed to state a claim for access to the courts**
18

19    *1. Legal standard for an access-to-court claim*

20    Prisoners have a constitutional right of access to the courts under the First and Fourteenth
21
22 Amendments.  Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821
23 (1977).  Thus, prisoners must have the capability to bring non-frivolous challenges to their
24 detention or conditions of confinement.  Lewis, 518 U.S. at 356-67.  Toward this end, prison
25 authorities must "assist inmates in the preparation and filing of meaningful legal papers by
26 providing prisoners with adequate law libraries or adequate assistance from persons trained in the
27
28 law."  Bounds, 430 U.S. at 828.  However, prison officials may select the best method to ensure

that prisoners have this capability.  <u>Lewis</u>, 518 U.S. at 356.  The right of access is only guaranteed for certain claims: (1) direct and collateral attacks against a conviction or sentence, and (2) civil rights actions challenging the conditions of confinement.  <u>Id.</u> at 354.

When a plaintiff alleges that he was unconstitutionally prevented from accessing the courts based on a lost opportunity to litigate, he must allege (1) the loss of a "non-frivolous" or "arguable" underlying claim resulting in actual injury; (2) the official acts which directly or proximately caused the frustration of the litigation; and (3) a remedy that may be awarded as recompense but is not otherwise available in future suit.  <u>See</u> <u>Phillips v. Hust</u>, 477 F.3d 1070, 1076-77 (9th Cir. 2007); <u>see also</u> <u>Christopher v Harbury</u>, 536 U.S. 403, 413-16 (2002) (holding that plaintiff must allege an actual injury to identify a non-frivolous claim).

   2.   *Causation*

Defendants object that Plaintiff's SAC does not allege the personal participation of each of the named defendants in official acts which denied Plaintiff access to the law library. [Def. Obj. at 2.] Plaintiff responds that the SAC is sufficient to withstand a motion to dismiss because he alleges that "defendants violated and are still violating my constitutional right of access to the courts by making, enforcing and allowing these policies" and that such acts were "grossly negligent". [SAC at 14.]

A plaintiff must show that defendant proximately caused the alleged violation of plaintiff's rights: "[t]he touchstone" of this inquiry is "foreseeability".  <u>Phillips</u>, 477 F.3d at 1077.  A person causes a violation of a constitutional right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that caused the deprivation of which complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  However, personal participation is not the only basis for 42 U.S.C. § 1983 liability.  A person may

also be liable for "setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 743-44. Moreover, supervisory liability exists without any personal participation if the official implemented "a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1990) (quoting Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987)).

The Ninth Circuit has left unsettled what level of conduct a plaintiff must allege to plead causation properly in a claim for denial of access to the courts. As noted by Magistrate Judge Stormes, the Supreme Court has rejected 42 U.S.C. § 1983 claims based on "mere negligence" but has reserved the question of whether grossly negligent behavior would suffice. See Daniels v Williams, 474 U.S. 327, 334 n.3. (1996). However, in cases claiming a violation of the Fourteenth Amendment in a prison setting, the Supreme Court and the Ninth Circuit have generally required the higher showing of "deliberate indifference". See City of Canton v Harris, 489 U.S. 378, 388 (1989) (requiring that a claim based on the failure to train police show deliberate indifference toward the rights of prisoners); see also L.W. v. Grubbs, 92 F.3d 894, 900 (9th Cir. 1996) (requiring that prison officials act with deliberate indifference to a known danger posed to staff members); Redman, 942 F.2d at 1442-43 (holding deliberate indifference or reckless indifference to be the standard for Fourteenth Amendment violations of a personal security interest).

In Redman, a prisoner brought a 42 U.S.C. § 1983 claim against prison officials and the county for violations of his personal security interests under the Fourteenth Amendment. 942 F.2d at 1439. Plaintiff had been sexually assaulted by other inmates while detained in jail. Id. at 1438. He alleged that policies which insufficiently protected prisoners caused his due process injuries, and that officials were directly liable under a theory of supervisory liability. Id. at 1439. The Ninth

Circuit defined "deliberate indifference" as "some degree of individual culpability, but [it] does not require an express intent to punish." Id. at 1442. The court found that, because individual jail officers developed policies which exposed Plaintiff to known dangers, the officers had acted with deliberate indifference toward his security interests and thus "caused" his injuries. Id. at 1447-48.

In the present action, Plaintiff alleges that named Defendants acted with deliberate indifference and gross negligence[2] toward his constitutional rights. [SAC at 2-7.] Plaintiff adequately alleges deliberate indifference by all Defendants except J. Gonzalez and Z. Steinhaus. Plaintiff alleges that the Directors, Wardens, Lieutenants, and Captains were each "responsible for operations and policies" of the prison. [Id.] Further Plaintiff alleges that the Library Staff are "responsible for the law library". [Id. at 7-8.] Thus, Plaintiff alleges that these Defendants are in a supervisory position from which they implement policies denying him access to the law library, just as the supervisors in Redman implemented policies which exposed prisoners to known dangers. If true, by creating these policies, these Defendants individually performed an affirmative act, or set in motion a series of acts by others, which violated Plaintiff's Fourteenth Amendment right to access the courts, just as the supervisors in Redman violated plaintiff's Fourteenth Amendment right to personal security. The denial of access to the court system was foreseeable to these Defendants, as the library is the method that the Centinela prison has chosen to afford prisoners access to the courts. These allegations show the individual culpability of any Defendant implementing such policies, and thus meet the required showing of deliberate indifference.

Plaintiff's allegations against Defendants J. Gonzalez and Z. Steinhaus, however, state only that they denied Plaintiff's administrative grievance, thereby denying Plaintiff access to the courts.

---

[2] The Court agrees with Magistrate Judge Stormes's finding that Plaintiff adequately alleges gross negligence by the Defendants, which, per Daniels, may provide a basis for a 42 U.S.C. § 1983 claim. [R&R at 10.]

[SAC at 4, 7.] There is no legitimate due process claim based on prison grievance procedures. Mann v Adams, 855 F.2d 639, 640 (9th Cir. 1998); see also Antonelli v Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) (holding that the right to the inmate grievance process is procedural, not substantive, and thus does not give rise to a liberty interest protected by the Due Process Clause). However, prisoners must exhaust administrative remedies before filing an access-to-courts claim. Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995).

Plaintiff does not allege that Defendants J. Gonzalez and Z. Steinhaus denied Plaintiff access to the grievance procedure. Instead, it appears that Plaintiff had full access to the grievance procedure, but did not like the outcome. Those outcomes, however, did not deny Plaintiff access to the courts because, by exhausting his administrative remedies, Plaintiff was able to bring the present suit. Plaintiff makes no allegation that Defendants J. Gonzalez and Z. Steinhaus were responsible for the policies of the prison or that they caused any other constitutional violation. Thus, contrary to Magistrate Judge Stormes's recommendation, Plaintiff cannot support a claim by alleging that denial of his prison grievance by Defendants J. Gonzalez and Z. Steinhaus contributed to the denial of Plaintiff's access to the courts.

For the reasons discussed above, this Court rejects Defendants' objection that Plaintiff failed to adequately allege causation as to Defendant Directors, Wardens, Lieutenants, Captains and Library Staff. This Court adopts Defendants' objection that Plaintiff failed to adequately allege causation as to Defendants J. Gonzalez and Z. Steinhaus.

3.  *Non-frivolous claim amounting to actual injury*

The Magistrate Judge recommended that the Court grant the motion to dismiss the SAC against all Defendants to the extent that Plaintiff alleges injury based on (1) the California courts' denial of his state habeas petition and (2) his inability to file a timely federal habeas petition. [R&R,

at 10-11.] However, the Magistrate Judge recommended that the Court deny the motion to dismiss the SAC against all Defendants in their individual capacities to the extent that Plaintiff alleges injury based on Judge Miller's denial of Plaintiff's prior § 1983 complaint. [Id. at 11-12.]

Here, Defendants object that Plaintiff did not suffer an actual injury by the dismissal of his prior 42 U.S.C. § 1983 claim because that claim was dismissed without prejudice for failure to exhaust administrative remedies, allowing Plaintiff to bring essentially the same claim in the present action. [Def. Obj. at 4-5.] Plaintiff responds that prison practices which prevented him from stating a claim in past proceedings are sufficient to show injury. [Pl. Reply at 6.] The Court adopts Magistrate Judge Stormes's recommendation and finds that Plaintiff adequately alleged an actual injury based on the dismissal of his prior 42 U.S.C. § 1983 claim for failure to state a claim.

A plaintiff must allege an actual injury through the loss of a underlying claim, described in enough detail for the court to determine that the claim was non-frivolous. Harbury, 536 U.S. at 416; Phillips, 477 F.3d at 1076. An actual injury is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 348 (internal quotations omitted). Plaintiff must also show "a remedy that may be awarded as recompense but that is not otherwise available in a future suit" to plead successfully a backward-looking claim for the denial of access to the courts. Phillips, 477 F.3d 1070, 1076 (9th Cir. 2007). A plaintiff need not show that his claim would have ultimately been successful on the merits. Allen v. Sakai, 48 F.3d 1082, 1085 (9th Cir. 1994).

In Phillips, plaintiff brought an action under 42 U.S.C. § 1983 for denial of access to the courts based on the dismissal of his petition for certorari to the United States Supreme Court. 477 F.3d at 1074-75. Plaintiff alleged that the law librarian's refusal to allow him to bind his petition caused his untimely filing. Id. at 1075. The Ninth Circuit agreed, holding that plaintiff had alleged

an actual injury based on an arguable claim, which was proximately caused by the law librarians' arbitrary denial of access to the comb binding machine and foreseeably resulted in the late filing of plaintiff's petition. Id. at 1076-78. Lastly, the court held that plaintiff had no other remedy than the relief available through his denial-of-access claim, because Plaintiff could not obtain compensatory damages by any other suit for post-conviction relief. Id. at 1079.

Defendants base their objection on the incorrect contention that the prior 42 U.S.C. § 1983 claim was dismissed only because of Plaintiff's failure to exhaust administrative remedies. As noted by Magistrate Judge Stormes, however, Plaintiff's 42 U.S.C. § 1983 action was originally dismissed by the Court for failure to state a claim.[3] A showing that the alleged actions resulted in an "inability to file a claim" is enough to create actual injury. Lewis, 518 U.S. at 348. Plaintiff's SAC alleges that because of "the extreme denial of access to the law library . . . I could not research procedure and [the prior action] was dismissed for failure to state a claim." [SAC at 16.] The Court agrees with Magistrate Judge Stormes that these allegations, read liberally for a pro se plaintiff and taken as true, state a non-frivolous claim based on an actual injury caused by the policies that the Defendants implemented. Further, Plaintiff is seeking monetary damages. [SAC, at 21.] Like the plaintiff in Phillips, Plaintiff's damages cannot be awarded in another post-conviction suit, i.e., a habeas suit. As such, Plaintiff's current claim is the only available remedy to recompense Plaintiff for his prior injury. For the reasons discussed above, this Court rejects Defendants' objection that Plaintiff failed to allege an actual injury based on the dismissal of his prior 42 U.S.C. § 1983 complaint.

**C.     Objections regarding Defendant Darr**

---

[3] The Court takes judicial notice of Doc. No. 5 in case no. 04cv2385, dismissing Plaintiff's 42 U.S.C. § 1983 action for failure to state a claim of denial of access to the courts.

The R&R states that "Darr is the only served defendant who has not responded to the SAC." [R&R at 13.] Magistrate Judge Stormes recommended, nonetheless, that the request for default judgment against Defendant Darr be denied. Id. Defendants contend that Darr was included in the Motion to Dismiss, and thus responded timely to Plaintiff's SAC. [Def. Obj. at 5.] While the Court notes that Defendant has a valid objection, the Court simply adopts the R&R's recommendation on the alternative grounds that Darr responded timely. Furthermore, because this Court finds that Defendant Darr responded timely, there is no basis for Plaintiff's objection to Magistrate Judge Stormes's refusal to enter default judgment, and, therefore, the Court rejects Plaintiff's objection.

**D.     Remaining conclusions**

Because neither party filed objections, the Court **ADOPTS** the remaining conclusions of the R&R. Specifically, the Court **GRANTS** the motion to dismiss Defendants in their official capacities, **GRANTS** the motion to dismiss the SAC for failure to state a claim arising from the denial of Plaintiff's state habeas petition and inability to file a federal habeas petition, **DENIES** Defendants' assertion of qualified immunity without prejudice, and **STRIKES** Plaintiff's prayer for punitive damages.

**CONCLUSION**

For the foregoing reasons, the Court **REJECTS** the R&R's recommendation to deny the motion to dismiss the Second Amended Complaint against Defendants J. Gonzalez and Z. Steinhaus in their individual capacities. Otherwise finding the R&R to be well-reasoned, the Court **ADOPTS** the Magistrate Judge's remaining recommendations. Specifically, the Court orders as follows:

1.     Defendants' motion to dismiss the Second Amended Complaint is **GRANTED** with

       leave to amend as to all Defendants in their official capacities;

2.     Defendants' Motion to dismiss the Second Amended Complaint for failure to state a claim based on injury from Plaintiff's state habeas petition and failure to file a federal habeas petition is **GRANTED** with leave to amend;

3.     Motion to dismiss for failure to state a claim based on injury from underlying § 1983 complaint is **GRANTED** with leave to amend as to Defendants J. Gonzalez and Z. Steinhaus, and **DENIED** for all remaining Defendants in their individual capacities;

4.     Plaintiff's request for entry of default is **DENIED**; and

5.     Defendants' assertion of qualified immunity defense is **DENIED** without prejudice;

6.     Plaintiff's request for punitive damages is **STRICKEN** with leave to amend.

If plaintiff wishes to file a third amended complaint, Plaintiff **SHALL FILE** that complaint within thirty (30) days of this Order.

**IT IS SO ORDERED.**

DATED: March 19, 2008

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge