UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS BOVARIE,<br><br>    Plaintiff,<br>v.<br><br>JAMES E. TILTON, et al.<br><br>    Defendants. | Civil No.06cv687 JLS (NLS)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT SMELOSKY'S MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT**<br><br>[Doc. No. 113] |

  Marcus Bovarie (Plaintiff), a California prisoner proceeding pro se, filed a fourth amended complaint (4AC) under 42 U.S.C. § 1983. Several Defendants, including Cates, Tilton, Woodford, Hickman and Dovey (Directors of the CDCR); Almager, Salazar and Giurbino (Wardens); Denault, Darr and Grannis (Lieutenants); Hernandez, Cortez, Napolitano and Kuzil-Ruan (Captains); Cullors, Pitones and Anchondo (Library Staff); and Gonzalez (Associate Warden), filed a motion to dismiss the fourth amended complaint (4AC). On October 22, 2009, this court granted in part and denied in part a motion to dismiss brought by all defendants other than Michael Smelosky.

  Defendant Michael Smelosky, a Warden, had not been served with the 4AC until September 22, 2009. On October 29, 2009 Smelosky filed this motion to dismiss the same 4AC. In ruling on this motion to dismiss, the court will consider its October 22 Report and Recommendation (R&R) because the same issues are involved in this motion to dismiss. For the following reasons, the court **GRANTS in part** and **DENIES in part** Smelosky's motion to dismiss the 4AC.

/ / /

**Background.**

The court incorporates here by reference the procedural history and factual background of the October 22 R&R. Regarding the allegations against defendant Smelosky, Plaintiff alleges his right to access the courts and equal protection rights were violated because Defendants engaged in a campaign of limiting his access to legal materials by "promulgating, encouraging, enforcing and allowing policies, procedures and operations that deny access to legal resources." 4AC ¶¶ 70-71. They failed to supervise and provide adequate training, funding and policy for the CDCR's law libraries. *Id.* Defendant Smelosky, a former Warden of Centinela State Prison, was grossly negligent in his supervision and duty regarding Centinela's law libraries and inmates' abilities to access them. 4AC ¶¶ 11, 73. He failed to supervise and provide adequate training, funding and policy for Centinela's law libraries. 4AC ¶ 73.

**Discussion.**

In this motion to dismiss, Smelosky largely asserts the same arguments asserted by the other Defendants in their motion to dismiss. He argues:

(1) Smelosky is immune from suit for monetary damages in his official capacity.

(2) The 4AC fails to state a claim against Smelosky for denial of access to the courts. In light of the decisions in *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937 (2009) ("*Iqbal*") and *Al-Kidd v. Ashcroft*, __ F.3d __ (2009), the court should dismiss all access to courts claims because the allegations in the 4AC fall short of the pleading requirements for a claim based on supervisory liability.

(3) The 4AC fails to state a claim against Defendants for denial of access to the courts based on the denial of Plaintiff's direct criminal appeal because he was represented by counsel.

(4) The 4AC fails to state a claim against Defendants for denial of access to the courts based on Plaintiff's inability to bring nine other civil rights claims (forward looking claims) because Plaintiff fails to adequately describe those claims.

(5) Plaintiff fails to allege an equal protection claim.[1]

While the substance of Smelosky's arguments are the same as in the other Defendants' motion to dismiss, he includes this addition: Smelosky relies on an additional case to support his dismissal

---

[1] While the other Defendants did not raise the equal protection issue in their motion to dismiss, the court raised it sua sponte because Plaintiff included an allegation that Defendants violated his equal protection rights.

argument under *Iqbal*.

The court has already squarely addressed the five issues in the October 22 R&R. Because three of the other Defendants are former Wardens, like Smelosky, the analysis in the R&R should likewise apply to Smelosky. The court, therefore, incorporates here by reference the entire discussion section of the October 22 R&R. In this order, the court will only address the new point Smelosky raises to see if they impact the court's October 22 R&R.

In the October 22 R&R, the court noted that the district judge found allegations of gross negligence against Defendants, based on their alleged "implementation and enforcement of law library policies that effectively denied plaintiff access to the courts," sufficiently pleaded an access to courts claim. *See* March 30, 2009 Order, p.11. This court then analyzed the ruling in *Iqbal*, and found that for the Warden Defendants--such as Smelosky--the district judge should not reverse her previous ruling due to *Iqbal*. The court found that the *Iqbal* ruling should only apply to the Director-level Defendants in this case.

Smelosky, who had the benefit of reviewing this court's October 22 R&R, now argues that the recent Ninth Circuit decision in *Al-Kidd v. Ashcroft*, 580 F.3d 949 (9th Cir. 2009), supports dismissal of Plaintiff's claims based on supervisory liability. In *Al-Kidd*, plaintiff Al-Kidd alleged a conditions of confinement claim against the then-U.S. Attorney General John Ashcroft, where he claimed that Ashcroft "promulgated and approved the unlawful policy which caused al-Kidd 'to be subjected to prolonged, excessive, punitive, harsh, unreasonable detention or post-release conditions.'" *Al-Kidd*, 580 F.3d at 978. Al-Kidd did "not allege any specific facts--such as statements from Ashcroft or from high ranking officials in the DOJ--establishing that Ashcroft had personal involvement in setting the conditions of confinement." *Id.* The court dismissed the conditions of confinement claim against Ashcroft. *Id.*

Here, the district judge has already found that Plaintiff alleged specific facts to plead a viable access to courts claim:

/ / /

/ / /

/ / /

> The [third amended complaint][2] competently describes, e.g., the limited hours of the law library, the frequency of lockdowns and modified programs that prevent plaintiff from accessing the law library, the small amount of time that plaintiff can spend in the law library when he is granted access, the deduction of time spent waiting for an escort, and the conflict between accessing the law library and receiving visitors.

March 30, 2009 Order, p.15. The district judge found that these allegations sufficiently described Defendants' official acts that frustrated Plaintiff's prior litigation attempts. *Id.*

Further, like in *Iqbal*, the *Al-Kidd* ruling is directed toward John Ashcroft, who was at the highest national level of federal law enforcement. Here, the Warden of Centinela prison is not at a similar high-level rank in law enforcement. Both *Iqbal* and *Al-Kidd* are clear that if a plaintiff is to allege a claim against an official several levels above that of the Warden, based on supervisory liability, the plaintiff needs to allege specific facts tying that official's personal involvement to the acts in question. But *Iqbal* and *Al-Kidd* are unclear as to whether the specific facts regarding the actual policies (as alleged above) are insufficient to state a claim against a Warden, who would necessarily have to be involved in the implementation of the facility-wide policies.

Because the district judge already found that Smelosky's official acts were adequately plead, and because this court declines to extend the *Iqbal* and *Al-Kidd* rulings to a local Warden, this court will not recommend dismissal for lack for failure to show Smelosky's personal involvement. The court **RECOMMENDS** that the motion to dismiss defendant Smelosky be **DENIED**.

**Order.**

The Court **RECOMMENDS** the following disposition with regard to Defendants' motion to dismiss:

1. **GRANTED** as to Plaintiff's claims for money damages to the extent Smelosky is sued in his official capacity.
2. **DENIED** as to Smelosky with respect to supervisory liability.
3. **GRANTED** with respect to Plaintiff's access to courts claim insofar as it is based on his direct appeal, and that the claim be **DISMISSED with prejudice**.
4. **GRANTED** with respect to Plaintiff's access to courts claim insofar as it is based on the

---

[2] The allegations referenced in the third amended complaint are also included in the 4AC.

1  underlying, never-filed, § 1983 conditions of confinement claims, and that the claims be **DISMISSED with prejudice**.

5. **GRANTED** as to Plaintiff's equal protection claim, and that the claim be **DISMISSED with prejudice**.

6. If this Report and Recommendation is adopted, that Smelosky be ordered to file an answer to the remaining claims within 20 days of the district judge's order.

This report and recommendation of the undersigned Magistrate Judge is submitted pursuant to 28 U.S.C. § 636(b)(1) to the United States District Judge assigned to this case.

**IT IS ORDERED** that no later than *December 8, 2009* any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than *December 18, 2009.* The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: November 17, 2009

*/s/ Nita L. Stormes*
Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court