**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARCUS BOVARIE,<br><br>                     Plaintiff,<br><br>vs.<br><br>JAMES E. TILTON, et al.,<br><br>                     Defendant. | CASE NO. 06CV687 JLS (NLS)<br><br>**ORDER (1) SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF'S OBJECTION TO DEFENDANTS R&R; (2) OVERRULING PLAINTIFF'S OBJECTION TO SMELOSKY R&R; (3) ADOPTING IN PART AND REJECTING IN PART DEFENDANTS R&R; (4) ADOPTING SMELOSKY R&R; and (5) GRANTING IN PART AND DENYING IN PART DEFENDANTS' AND DEFENDANT SMELOSKY'S MOTIONS TO DISMISS.**<br><br>(Doc. Nos. 100, 112, 113, 114.) |

On May 18, 2009, Marcus Bovarie ("Plaintiff"), a California prisoner proceeding pro se, filed a Fourth Amended Complaint ("4AC") against various Defendants under 42 U.S.C. § 1983. (Doc. No. 98.) Defendants Cates, Tilton, Woodford, Hickman and Dovey (Directors); Almager, Salazar and Giurbino (Wardens); Denault, Darr and Grannis (Lieutenants); Hernandez, Cortez, Napolitano and Kuzil-Ruan (Captains); Cullors, Pitones and Anchondo (Library Staff); Gonzales (Associate Warden) and Steinhaus (Supervisor of Vocational Instruction) filed a motion to dismiss certain claims in the 4AC on June 9, 2009 (collectively, "Defendants"). (Doc. No. 100.)

On October 22, 2009, Magistrate Judge Nita L. Stormes issued a Report and Recommendation

1  (R&R) recommending the Court to grant in part and deny in part Defendants' motion to dismiss.
2  ("Defendants R&R") (Doc. No. 112.) Shortly thereafter, Defendant Smelosky, a former warden, filed
3  a separate motion to dismiss. (Doc. No. 113.) Magistrate Judge Stormes issued a second R&R
4  recommending this Court grant in part and deny in part Smelosky's motion to dismiss ("Smelosky
5  R&R"). (Doc. No. 114.)

6  Plaintiff timely filed his objections to both R&Rs on November 16, 2009 and December 16,
7  2009. (Doc. Nos. 115, 120.) Having fully considered the R&Rs and Plaintiff's objections, the Court
8  **HEREBY SUSTAINS IN PART AND OVERRULES IN PART** Plaintiff's objections to
9  Defendants R&R; **OVERRULES** Plaintiff's objection to the Smelosky R&R; **ADOPTS IN PART**
10 **AND REJECTS IN PART** Defendants' R&R; **ADOPTS** the Smelosky R&R; and **GRANTS IN**
11 **PART AND DENIES IN PART** Defendants' and Defendant Smelosky's motion to dismiss. Both
12 motions will be addressed separately below.

13 **FACTUAL AND PROCEDURAL BACKGROUND**

14 Magistrate Judge Stormes' R&R for Defendants' motion extensively lays out the
15 procedural and factual background in this matter, which was initiated in March of 2006 and has
16 undergone four amendments to the complaint after receiving multiple R&Rs and Orders from the
17 district judge. Plaintiff makes no specific objection to these summaries, which were also
18 incorporated by reference in the Smelosky R&R. Thus, the Court adopts by reference Magistrate
19 Judge Stormes' recitation of the facts as set forth in Defendants' R&R. (*See* Doc. No. 112 at 2-8.)

20 **LEGAL STANDARD**

21 Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth the
22 duties of the district court in connection with a magistrate judge's report and recommendation.
23 "The district court must make a *de novo* determination of those portions of the report . . . to which
24 objection is made," and "may accept, reject, or modify, in whole or in part, the finding or
25 recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(c); *see also United States v.*
26 *Remsing*, 874 F.2d 614, 617 (9th Cir. 1989); *United States v. Raddatz*, 447 U.S. 667, 676 (1980).
27 However, in the absence of timely objection, the Court need "only satisfy itself that there is no
28 clear error on the face of the record." Fed. R. Civ. P. 72, Advisory Committee Notes (1983)

(citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

## DISCUSSION

### I.  DEFENDANTS' MOTION TO DISMISS

Magistrate Judge Stormes recommends the Court grant in part and deny in part Defendants' motion to dismiss. Defendants have not timely filed objections. Plaintiff has filed objections, but only to two of the magistrate judge's recommendations.

#### A.  Non-Objected To Recommendations

The Court has reviewed the recommendations of the magistrate judge as to the non-objected to portions of the R&R and finds that they are thorough, well reasoned, and contain no clear error. Accordingly the Court **ADOPTS** the non-objected to portions of the R&R and therefore the Court **HEREBY:**

(1) **GRANTS** Defendants' motion to dismiss the claims for money damages to the extent Defendants are sued in their official capacities.

(2) **DENIES AS MOOT** the dismissal of Defendant Steinhaus because Plaintiff did not name him as a defendant in the 4AC.

(3) **DENIES** Defendants' motion as to Defendants Almager, Salazaar, Giurbino, Gonzalez, Hernandez, Cortez, Napolitano, Kuzil-Ruan, Denault, Darr, Grannis, Cullors, Pitones and Anchondo. This Court has previously found that Plaintiff has sufficiently pled gross negligence against these Defendants based on their alleged "implementation and enforcement of law library policies that effectively denied plaintiff access to the courts" and the intervening United States Supreme Court's ruling in *Ashcroft v. Iqbal* clarifying the pleading standard does not affect this finding.

(4) **GRANTS** Defendants' motion to dismiss with respect to Plaintiff's access to courts claim insofar as it is based on the underlying, never-filed, § 1983 conditions of confinement claims and **DISMISSES** these claims **WITH PREJUDICE.**

(5) **SUA SPONTE DISMISSES WITH PREJUDICE** Plaintiff's equal protection claims pursuant to 28 U.S.C. 1915 and 1915A.

#### B.  Objected-To Recommendations

Magistrate Judge Stormes also recommends that the Court grant Defendants' motion to dismiss as to Defendants Cates, Tilton, Woodford, Dovey and Hickman under the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. —, 129 S.Ct. 1937 (2009) Further, the R&R recommends the Court grant the motion to dismiss with respect to Plaintiff's access to courts claim insofar as it is based on his direct appeal and that the claim be dismissed with prejudice. Plaintiff objects to both of these recommendations.

### 1. Dismissal Pursuant to *Ashcroft v. Iqbal*

This Court has previously found that the Plaintiff has sufficiently pled causation on behalf of Defendants, which included directors, wardens, lieutenants, captains and library staff in his Third Amended Complaint. (*See* Doc. No. 94 at 11 (Order); *see also* Doc. No. 82 at 8-9 (3AC R&R).) The Court found that "plaintiff alleged the implementations and enforcement of law library policies that effectively denied plaintiff access to the court." (Doc. No. 94 at 11.) The 3AC R&R was more specific, finding that "[a] supervisory official may be liable only if he or she was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." (3AC R&R at 8 (citing *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).) Magistrate Judge Stormes went on to reject defendants' argument that Plaintiff merely alleged the conclusory statement that Defendant were "grossly negligent in the supervision and duty" and found that Plaintiff adequately pled that Defendants adopted and enforced policies which led to a deprivation of Plaintiff's constitutional rights. (*Id.* at 9 (citing *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984).)

Despite this earlier Order, Defendants ask the court to re-evaluate the 4AC in light of *Ashcroft v. Iqbal*, 556 U.S. —, 129 S.Ct. 1937, 1943 (2009), where the United States Supreme Court clarified the pleading standard under Rule 8. In Defendants R&R currently at issue, Magistrate Judge Stormes recommends that this Court reverse its earlier finding and grant the Defendant Directors' (Cates, Tilton, Woodfort, Dovey and Hickman) motion to dismiss with

prejudice.[1]  (R&R at 16-17.)   The Court disagrees.

In *Iqbal*, the Supreme Court evaluated the plaintiff's *Bivens* complaint as alleged against Ashcroft and Mueller, the Former United States Attorney General and Director of the FBI, respectively. *Iqbal*, 129 S.Ct. at 1943.  The Court considered the "narrow question" of whether "plaintiff . . . plead factual matter that, if taken as true, states a claim that petitioners deprived him of his clearly established constitutional rights" and found that he did not. *Id.* at 1943-44.  The Court noted that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 1948.  The constitutional violation at issue in *Iqbal* was "invidious discrimination in contravention of the First and Fifth Amendment," which requires that "plaintiff must plead and prove that the defendant acted with discriminatory purpose." *Id.* (citing *Church of Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U.S. 520, 540-41 (1993)).

After setting forth the legal landscape, the Court went on to discuss the merits of the plaintiff's allegations.  First, the Court found that the allegations that Ashcroft and Mueller " 'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement 'as a matter of policy, solely on account of [his] religion, race, and/or national original and for no legitimate penological interest'" was not entitled to the assumption of truth because it was a mere " 'formulaic recitation of the element' of a constitutional discrimination claim." *Id.* at 1951.[2]  "As such, the allegations are conclusory and not entitled to be assumed true." *Id.* (citing *Twombly*, 550 U.S. at 554-55).

Then, the Court considered the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.*  The Court rejected the plausibility of the claims in light of "more likely explanations" and because the factual allegations did not "show[] that

---

[1] Magistrate Judge Stormes recommends that the Court adhere to its earlier determination as it pertains to the remaining Defendants, who were lower-ranking officials, and therefore recommends the Court deny their motion to dismiss.  (R&R at 17.)  As discussed above, the Court adopts this recommendation and denies the remaining Defendants' motion to dismiss.

[2] The Court also found that the allegations that "Ashcroft was the 'principal architect' of this invidious policy" and "Mueller was 'instrumental' in adopting and executing" the policy were "formulaic recitation[s] of the elements." *Id.*

petitioners purposefully adopted a policy" that resulted in classification because of the individuals' "race, religion, or national origin." *Id.* at 1952. The Court held that the plaintiff "would need to allege more by way of factual content to 'nudg[e]' his claim of purposeful discrimination 'across the line from conceivable to plausible.'" *Id.* (citing *Twombly*, 550 U.S. at 570).

In light of the Court's holding in *Iqbal*, Magistrate Judge Stormes found that Plaintiff's allegation that the Directors interfered with his access to the courts by "promulgating, enforcing and allowing policies, procedures and operations that deny access to legal resources" was no more than a "formulaic recitation of the elements of a constitutional . . . claim." (R&R at 16 (citing *Iqbal*, 129 S.Ct. at 1951).) Then, the magistrate judge found that the allegations that Defendant were grossly negligent in their supervision and failed to provide adequate training, funding, and policy for the law libraries was "insufficient to state a claim against the Directors because even if true, they fail to allege the necessary knowledge and state of mind to established that the Director Defendants caused a violation of Plaintiff's right to access the courts." (R&R at 16.) Plaintiff objects to this recommendation, arguing that *Iqbal* involved a different constitutional violation than in the present case and that the magistrate judgment mis-characterized and mis-summarized his allegations as they pertain to the Director Defendants. (Doc. No. 115.) The Court sustains Plaintiff's objections and rejects Magistrate Judge Stormes' recommendation as it pertains to the Director Defendants.

First, it is unclear what standard regarding state of mind and knowledge Magistrate Judge Stormes found was insufficiently pled. The standard applied in *Iqbal* was purposeful discrimination; here, it is deliberate indifference. Moreover, Magistrate Judge Stormes does not explain why *Iqbal* would change the Court's earlier finding that Plaintiff sufficiently pled deliberate indifference on behalf of the Director Defendants. *Iqbal* did not change this standard, nor what must be pled under this standard. Further, Magistrate Judge Stormes recommends that this Court dismiss the claim with prejudice because if Plaintiff "could have alleged facts showing the personal participation of the Directors, he should have done so by now." (R&R at 16.) But, the personal participation standard was in place at the time of this Court's previous Order, the Court found this personal participation was adequately pled, and *Iqbal* does not change that

analysis. (*See* Doc. No. 82 at 8 (R&R for Third Amended Complaint citing *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) for the proposition that "[t]o hold a person 'liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation'").) The fact that both the Director Defendants and the respondents in *Iqbal* were high-ranking government officials is not sufficient to overturn this Court's previous findings.

Accordingly, the Court, having reviewed the 4AC and the decision in *Ashcroft v. Iqbal*, adheres to its original determination that Plaintiff has sufficiently pled a violation of his constitutional right of access to courts on behalf of the Director Defendants. The Court therefore **REJECTS** Magistrate Judge Stormes' recommendation and **DENIES** Defendants' Cates, Tilton, Woodford, Dovey and Hickman's motion to dismiss.

### 2. Direct Appeal

Prisoners have a constitutional right of access to the courts under the first and fourteenth amendments. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994). The right of access is guaranteed for direct and collateral attacks upon a conviction or sentence. *See Lewis*, 518 U.S. at 354. To state a claim for denial of access to courts, a plaintiff must allege a specific actual injury involving a non-frivolous direct appeal, habeas corpus proceeding or section 1983 action. *See id.* at 351-352, 353 n.3, 353-355; *see also Madrid v. Gomez*, 190 F.3d 990, 995 (9th Cir. 1999).

Plaintiff claims that Defendants denied him access to the courts in his direct appeal, specifically alleging that Defendants prevented him from asserting 20 non-frivolous claims on appeal. 4AC ¶¶ 57, 58. Plaintiff, however, was represented by counsel on appeal. 4AC ¶ 56, Claims 12, 20; ¶ 60; ¶64. The magistrate judge found that "representation by counsel provides meaningful access to the courts because counsel acted on his behalf and provided that access." (R&R at 18 (citing *Entzi v. Redmann*, 485 F.3d 998 (8th Cir. 2007).) In *Entzi*, the Eighth Circuit found that because the plaintiff was represented on direct appeal, he had "enjoyed 'reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts' . . . and any limitation on Entzi's access to the prison library did not deprive him of access to the courts." 485 F.3d at 1005 (citing *Bounds v. Smith*, 430 U.S. 817, 825 (1977)).

Plaintiff objects to this finding because "appellate counsel's performance fell below what can be considered meaningful: she failed or refused to include nineteen potentially meritorious claims . . . and, the one issue she did bother to submit (insufficiency of evidence) was done in a partial and ineffective manner. . ." (Obj. to R&R at 2.) Plaintiff cites *Glover v. Johnson* for the proposition that "[p]rison officials are not required to provide both law library and legal assistance if access to either library or trained personnel is effective and meaningful" and therefore, because his legal assistance was not meaningful, access to the courts should have been provided. 931 F. Supp. 1360 (E.D. Mich 1998). The Court disagrees.

Plaintiff's allegations against his counsel on direct appeal does not render the assistance of counsel unmeaningful sufficient to establish an access to courts claim. Defendants were required to provide either access to the law library *or* legal assistance to satisfy meaningful access to courts. *See Glover*, 931 F. Supp. at 1367; *see also Bounds,* 430 U.S. at 822 (1977). Because Plaintiff was represented by counsel, Defendant's obligations were satisfied. It is not the role of Defendants to determine whether the counsel's assistance was *effective*; Defendants must only provide access to libraries *or* other legal assistance. Plaintiff's redress for his alleged ineffective assistance of counsel is through an ineffective assistance of counsel claim, not through an access to courts claim against Defendants who do not have any bearing on legal counsel's performance.

Accordingly, the Court **OVERRULES** Plaintiff's first objection, **ADOPTS** Magistrate Judge Stormes' Recommendation, **GRANTS** Defendants' motion to dismiss the access to courts claim insofar as it relates to Plaintiff's direct appeal, and **DISMISSES WITH PREJUDICE.**

## II. SMELOSKY'S MOTION TO DISMISS

The arguments in Defendant Smelosky's motion to dismiss are largely the same as Defendants' arguments in their motion to dismiss, with one addition. Having had the benefit of reading Magistrate Judge Stormes' R&R for Defendants' motion to dismiss, Smelosky relies on an additional case is support of his dismissal argument under *Ashcroft v. Iqbal*. Accordingly, Magistrate Judge Stormes incorporated by reference the discussion in Defendants' R&R regarding all issues common to both motions, and only addressed the additional issue addressed in Smelosky's motion. (*See* Smelosky R&R at 2-3.)

Specifically, Smelosky argues that the recent Ninth Circuit decision in *Al-Kidd v. Ashcroft*, 580 F.3d 949 (9th Cir. 2009), supports dismissal of Plaintiff's claims based on supervisory liability. Magistrate Judge Stormes disagreed, declining to extend the decision of *Iqbal* and *Al-Kidd* to local wardens, as both addressed the liability of John Ashcroft, "who was at the highest national level of federal law enforcement." (Smelosky R&R at 4.) Thus, the court recommended that this Court deny Smelosky's motion to dismiss with respect to supervisory liability on the access to courts claim.

Defendant Smelosky did not file an objection. Plaintiff objected, but only to the recommendation adopted by reference that Plaintiff's access to courts claim fail insofar as it is based on his direct appeal. In fact, Plaintiff incorporated by reference his objection to Defendants' R&R. The Court has overruled this objection, as discussed above, and does so in relation to Defendant Smelosky as well.

Accordingly, the Court **ADOPTS** Magistrate Judge Stormes' R&R recommending this Court grant in part and deny in part Smelosky's motion to dismiss; **OVERRULES** Plaintiff's objection; and **GRANTS IN PART** and **DENIES IN PART** Defendant Smelosky's motion to dismiss.

## CONCLUSION

The Court **HEREBY:**

–- **GRANTS** Defendants' and Defendant Smelosky's motions to dismiss as to Plaintiff's claims for money damages to the extent they are sued in their official capacity.

— **DENIES AS MOOT** Defendant Steinhaus's motion to dismiss, as he is not a named Defendant in the 4AC.

— **DENIES** Defendants' and Defendant Smelosky's motion to dismiss as it pertains to supervisory liability in access to court claims pursuant to *Ashcroft v. Iqbal*.

— **GRANTS** Defendants' and Defendant Smelosky's motion to dismiss with respect to Plaintiff's access to courts claim insofar as it is based on his direct appeal. This claim is **DISMISSED WITH PREJUDICE.**

— **GRANTS** Defendants' and Defendant Smelosky's motion to dismiss the access to

courts claims based on the underlying, never-filed, § 1983 conditions of confinement claims. These claims are **DISMISSED WITH PREJUDICE.**

— **DISMISSES SUA SPONTE** Plaintiff's equal protections claims **WITH PREJUDICE**.

— Defendants are **HEREBY ORDERED** to file an Answer to the remaining claims in the 4AC within 20 days of the Order being electronically docketed.

**IT IS SO ORDERED.**

DATED: March 1, 2010

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge