UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS BOVARIE,<br><br>                                        Plaintiff,<br><br>                    v.<br><br>JAMES E. TILTON, ET AL.,<br><br>                                        Defendants. | Civil No.          06-CV-00687 JLS (BGS)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR "FUNDS TO [ACQUIRE] EXPERT WITNESS"** |

        Plaintiff Marcus Bovarie ("Plaintiff" or "Bovarie"), a California state prisoner proceeding *pro se*, brought this action for violations of his civil rights under 42 U.S.C. § 1983. Plaintiff also proceeds *in forma pauperis* pursuant to 28 U.S.C. § 1915. His Fourth Amended Complaint alleges, among other things, "ongoing deliberate indifference to, and denial of, Plaintiff's constitutional rights of access to the courts and to equal protection under the law." (Doc. No. 98). Specifically, Plaintiff argues that his right to access to the courts was violated because of inadequate access to prison law libraries, which hindered and caused him to lose several nonfrivolous habeas corpus claims. (*Id.*) Plaintiff now requests that the Court allocate funds for him to acquire an expert, which he argues is necessary to show "the strength and complexity of his non-frivolous habeas claims and the complexity of legal work in general."(Doc. No. 128.) To the extent Plaintiff is requesting the appointment of an expert witnesses, he has not shown that such appointment is necessary. For the following reasons, Plaintiff's request is **DENIED**.

        The appointment of an independent expert witness under Federal Rule of Evidence 706 is

discretionary. *See Walker v. American Home Shield Long Term Disability Plan,* 180 F.3d 1065, 1071 (9th Cir. 1999). Such appointment may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue...." *Levi v. Director of Corrections*, WL 845733, 1 (E.D. Cal. 2006) (citing *Ledford v. Sullivan,* 105 F.3d 354, 358-59 (7th Cir. 1997)). However, the *in forma pauperis* statute, 28 U.S.C. § 1915, does not waive the requirement of the payment of fees or expenses for witnesses in a § 1983 prisoner civil rights action. *Dixon v. Ylst,* 990 F.2d 478, 480 (9th Cir. 1993). "Reasonably construed, [the Rule] does not contemplate the appointment of, and compensation for, an expert to aid one of the parties." *Trimble v. City of Phoenix Police Dept.*, 2006 WL 778697, 2 (D. Ariz. 2006) (citing 4Weinstein's Federal Evidence § 706 App. (2nd Ed. 2006)).

At present, the Court does not find that expert assistance is needed. In the Ninth Circuit, a prisoner contending that his right of access to the courts was violated because of inadequate access to a law library must show two things: "First, he must show that the access was so limited as to be unreasonable. Second, he must show that the inadequate access caused him actual injury, i.e., show a 'specific instance in which [he] was actually denied access to the courts.'" *Vandelft v. Moses*, 31 F.3d 794, 797 (9th Cir.1994) (citing *Sands v. Lewis* 886 F.2d 1166, 1171 (9th Cir. 1989)). To meet the actual injury requirement, a plaintiff must show that the actions of the prison officials "hindered his efforts to pursue a nonfrivolous claim." *Rhinehart v. Gomez*, 1998 WL 118179, 5 (N.D. Cal 1998) (citing " *Lewis v. Casey,* 518 U.S. 343, 353 (1996)). The right of access to the courts "does not guarantee inmates the wherewithal to transform themselves into litigating engines," only the tools "to attack their sentences, either directly or collaterally, and in order to challenge the conditions of their confinement." *Lewis* 518 U.S. at 355.

While Plaintiff must show unreasonable access and actual injury, evidence of the "strength and complexity of his non-frivolous habeas claims" and the "complexity of [his] legal work in general" is not likely to be central to the determination of either; therefore, expert opinion on these matters will not be necessary. First, the standard does not require the Plaintiff to show that library access was unreasonable in light of the complexity of his claims, it only requires unreasonableness. Second, expert evidence of the complexity of Plaintiff's claims is simply not relevant in proving actual injury. To show

actual injury, Plaintiff need only show that prison officials hindered or prevented efforts by him to pursue his nonfrivolous claims, regardless of their complexity. Ultimately, the determination of unreasonable access and actual injury will not require scientific, technical, or other specialized knowledge regarding the complexity of Plaintiff's allegedly lost habeas claims. Accordingly, Plaintiff's motion for appointment of a witness is **DENIED.**

**IT IS SO ORDERED.**

DATED: October 4, 2010

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court